IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PTR, Inc.                              )
                                       )
            Plaintiff,                 )
                                       )   No. 08 C 5517
     v.                                )
                                       )
FORSYTHE RACING, INC. and GERALD       )
FORSYTHE,                              )
                                       )
            Defendants.                )

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of defendants Forsythe Racing, Inc. ("Forsythe Racing") and Gerald Forsythe, individually, to dismiss Counts I, II, and III of plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before this court is defendants' motion to strike pursuant to Federal Rule of Civil Procedure 12(f). For the reasons stated below, both defendants' motion to dismiss and motion to strike are denied.

## BACKGROUND

Plaintiff PTR, Inc. ("PTR") filed a complaint against Forsythe Racing as well as Gerald Forsythe, individually. Forsythe Racing, an Illinois corporation of which Mr. Forsythe is the controlling owner, is in the business of racing, testing, and building motor racing vehicles for competition in the Championship Auto Racing Teams series ("CART"). The complaint alleges that on September 1, 2002, Forsythe Racing contracted with racecar driver Paul Tracy of PTR to compete in the CART racing series. This contract, the Driver Services Agreement, was to expire after the later of October 31, 2004 or the last race of the 2004 CART series. All payments due to

PTR and Paul Tracy per the Driver Services Agreement were guaranteed by Mr. Forsythe in an attached Guaranty contract.

On August 19, 2004, prior to the termination of the Driver Services Agreement, PTR alleges that the Driver Services Agreement was extended and modified by a document referred to as the "First Extension." Prior to the end of the term of the First Extension, PTR alleges that the parties executed another extension and modification known as the "Second Extension," which was to expire at the end of the 2011 racing series. PTR alleges that Mr. Forsythe is the guarantor for the Driver Services Agreement as well as the First Extension and the Second Extension. Included in all of these agreements is an alleged termination fee provision, which stipulates that Forsythe Racing is to compensate PTR in the event that Forsythe Racing ceases operation prior to the end of the contract's term.

In January and February of 2008, PTR alleges that Mr. Forsythe, who has an ownership stake in the Champ Car series (the successor to the CART series), participated in negotiations with other Champ Car owners regarding the possibility of combining Champ Car with the Indy Racing League ("IRL"). Ultimately, these owners decided to sell Champ Car assets to IRL and file for bankruptcy protection. On February 28, 2008, Forsythe Racing Vice President of Operations, Neil Micklewright notified PTR that Forsythe Racing would cease racing operations. On March 5, 2005, Champ Car filed for bankruptcy protection. In subsequent communications between Forsythe Racing and PTR, plaintiff alleges that Forsythe Racing as well as Mr. Forsythe, individually, refused to pay the termination fee.

PTR brings the instant lawsuit alleging damage suffered by PTR from one count of breach of contract against Forsythe Racing, Inc., one count of breach of contract against Gerald Forsythe, and one count of tortious interference with contract against Gerald Forsythe. Presently

before this court is defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also before this court is defendants' motion to strike certain paragraphs of PTR's complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Defendants' motion to dismiss is based on defendants' assertion that the allegedly-breached contract does not satisfy Illinois' statute of frauds and that Illinois law precludes a claim of tortious interference with one's own contract. Defendants' motion to strike is premised on the contention that plaintiff's references to contract negotiations are inadmissible under Federal Rule of Evidence 408.

## DISCUSSION

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1940 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). The complaint must be construed in a light favorable to the plaintiff and the court must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 555).

Additionally, a complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl.*

3

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint does not need to set forth all relevant facts or recite the law. Rather, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a); *see also Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996).

First, defendants contend that Counts I and II of plaintiff's complaint, breach of contract against Forsythe Racing, Inc. and breach of contract against Gerald Forsythe respectively, should be dismissed because the Second Extension is unenforceable under the statute of frauds. In its complaint, plaintiff alleges that the Second Extension was "executed" on May 1, 2006 and attach an unsigned copy of the Second Extension thereto. Defendants now move to dismiss the complaint because the complaint does not allege that the Second Extension was signed. According to Illinois law, agreements which are not to be performed within one year from the making, such as this contract, must be in writing and *signed* by the party charged therewith. *See* 740 ILCS § 80/1. *See also NUCOR Corp. v. Aceros y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572 (7th Cir. 1994).

In this case, on three occasions, plaintiff's complaint alleges the Second Extension was "executed" by the defendants. The term, "executed," is meant to imply that the contract was made valid by signing. Such a definition of the term, "executed," is consistent with Black's Law Dictionary. *See* Black's Law Dictionary (8th ed. 2004). Accordingly, allegations made in plaintiff's complaint are sufficient to satisfy the Illinois statute of frauds. The fact that PTR has failed to attach a signed copy of the Second Extension is not fatal to its claim. PTR alleges in the complaint that the Second Extension was executed and we must accept this allegation as true at

this stage of the litigation. For these reasons, defendants' motion to dismiss Counts I and II is denied.

Secondly, defendants move to dismiss Count III of the complaint, tortious interference with contract against Gerald Forsythe, on the grounds that a claim for tortious interference with one's own contract cannot be sustained. Under Illinois law, a party to a contract cannot be charged with tortious interference with that contract. *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376 (7th Cir. 2003). Courts have consistently held that the same entity which is a party to a contract cannot tortiously interfere with its own contract. *Knickman v. Midland Rish Serv.-Illinois, Inc.*, 700 N.E.2d 458 (Ill. App. Ct. 1998). Corporate officers are generally privileged to influence the actions of their corporations. *Mittelman v. Witous*, 552 N.E.2d 973, 983 (Ill. 1989). However, when a corporate officer acts solely for his own gain, the officer is considered a separate entity from the corporation. *Id*. The privilege which protects corporate officers from tortious interference with the contracts to which their corporations are a party "does not apply where officers act solely for their own gain or solely for the purpose of harming plaintiff." *Id*. *See also Dallis v. Don Cunningham and Assocs.*, 11 F.3d 713 (7th Cir. 1993) (a company's president and sole shareholder was liable for tortiously interfering with his company's contract with an employee after the plaintiff was able to show that the company president acted solely for his own gain). Therefore, when a corporate officer acts solely for his own gain, that officer is a third party to contracts entered into on the corporation's behalf and can be held liable for tortious interference with such a contract.

In the instant case, plaintiff contends that Mr. Forsythe, individually, tortiously interfered with the contract between plaintiff, PTR, and Forsythe Racing, Inc. Although Mr. Forsythe is the controlling owner of Forsythe Racing, Inc., the signatory to the Driver Services Agreement, his

5

actions may be considered separate and distinct from those of Forsythe Racing, Inc. if plaintiff offers evidence that he acted solely for his own gain or solely for the purpose of harming the plaintiff. For these reasons, defendants' motion to dismiss Count III is denied at this time.

Finally, defendants filed a motion to strike certain paragraphs of plaintiff's complaint pursuant to Rule 12(f). PTR's complaint includes allegations of communications between the parties, in which Forsythe Racing attempts to renegotiate the terms of the contract. Defendants contend that communications regarding the renegotiation of the contract should be stricken from the complaint. Defendants argue that this evidence is inadmissible insofar as it is evidence of settlement or compromise negotiations. This contention is based on Federal Rule of Evidence 408, which prohibits using evidence of settlement negotiations to determine the validity or invalidity of a plaintiff's claim. Fed. R. Evid. 408(a). *See also Delugas v. Publishers Equip. Corp.*, 89 C 20363, 1991 WL 352531 *3 (N.D. Ill. October 10, 1991). Rule 408 states that communications made during compromise negotiations are not to be offered to support the liability for a claim. Therefore, defendants argue that Rule 408 prohibits PTR from including allegations regarding renegotiation of the contract in its complaint.

We disagree. Defendants' contention is premature. Rule 408 is an evidentiary rule, which is best addressed in context of admissibility of evidence at trial. *BPI Energy, Inc. v. IEC(Montgomery), LLC*, No. 07-186-DRH, 2007 U.S. Dist. LEXIS 84220 (S.D. Ill. Nov. 13, 2007). Defendants' motion to strike is denied at this time. We will revisit this issue if and when this case is presented to a jury. Defendants may refile this motion as a motion in limine at that time.

## **CONCLUSION**

For the aforementioned reasons, defendants' motion to dismiss pursuant to Rule 12(b)(6) [#16] is denied. Furthermore, defendants' motion to strike [#14] is premature at this juncture and is, therefore, presently denied.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated:  June 9, 2009